IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                            CRIMINAL ACTION NO.: 3:17cr72CWR-FKB

JOSHUA MICHAEL GARCIA

## ORDER

This matter came before the Court *sua sponte* after a review of vouchers submitted in this case by counsel for Joshua Michael Garcia, who was indicted for a death eligible offense. The Order appointing Cynthia H. Speetjens and Thomas Fortner provided that they would be co-counsel and would be compensated at the maximum allowable rate for capital cases [Doc. #52]. Since that time, the Government has announced its intention not to seek the death penalty against Garcia [Doc. #112]. In accordance with the *Guide to Judiciary Policy*, Vol. 7A, Ch. 6, § 630.30.10, it is incumbent upon the Court to "consider the questions of the number of counsel and the rate of compensation needed for the duration of the proceeding." Unless extenuating circumstances are found, the court should reduce the number of counsel and the rate of compensation.

In considering whether the number of counsel should be reduced, the *Guide* sets out the following factors in § 630.30.20:

    (1) the need to avoid disruption of the proceedings;

    (2) whether the decision not to seek the death penalty occurred late in the litigation;

    (3) whether the case is unusually complex; and

    (4) any other factors that would interfere with the need to ensure effective representation of the defendant.

In determining whether there are extenuating circumstances that argue against reducing the compensation rate, § 630.30.30 sets out the following factors:

(1) the extent to which this representation precludes counsel from taking other work;

(2) the commitment of time and resources counsel has made and will continue to make in the case; and

(3) the need to compensate appointed counsel fairly.

It was not until April, 2021, nearly four years after the appointment of Fortner and Speetjens, that the Government announced that it would not seek the death penalty. During that time, counsel devoted substantial time and resources to this complex case, including the preparation of a mitigation case to present to the Department of Justice. Immediately after the Government announced that it would not seek the death penalty, Garcia announced that he would plead guilty. Since that time, counsel has been involved in finalizing the plea arrangements, leading to Garcia's sentencing on March 31, 2022. Given the limited nature of the proceedings, the cost involved in permitting both attorneys to remain involved in this case has been minimal. Therefore, the Court finds that factors exist that support retaining Speetjens and Fortner through the conclusion of this case, at the hourly rate for capital cases.

**IT IS, THEREFORE, ORDERED** that Cynthia Speetjens and Thomas Fortner will both be permitted to submit vouchers for their work done in this case up to Garcia's sentencing, and they are to be compensated at the capital CJA rate.

**IT IS SO ORDERED,** this the 8th day of June, 2022.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE